UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD UNIVERSITY,

        Plaintiff/
        Counterclaim
        Defendant,

v.

LARRY BORDERS and
VIRGINIA BORDERS,

        Defendants/
        Counterclaim
        Plaintiffs,

and

CENTRALIA MADONNA, A
DRAWING

        Defendant-in-rem.
_____/

Case No. 2:20-mc-51282

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO QUASH DEFENDANTS' SUBPOENAS [1]**

The present action emanates from the Southern District of New York. Defendants Larry and Virginia Borders subpoenaed Dr. Charles M. Boyd, a resident of the Eastern District of Michigan, for documents and a deposition. ECF 1. Dr. Boyd is a nonparty to the dispute and is a Trustee of Plaintiff Howard University. *Id.* at 50–98. Once Dr. Boyd informed Defendants' counsel that he would object to the subpoenas, *id.* at 100–06, Defendants preemptively moved to compel Dr. Boyd to comply with the subpoenas in the Southern District of New York, *id.* at 108. The Honorable Lewis J. Liman denied the motion to compel because Dr. Boyd had not

1

failed to appear for the deposition or produce documents by the subpoena deadline. *Id.*

Dr. Boyd then moved to quash the subpoenas under Federal Rule of Civil Procedure 45(d)(3). ECF 1. The parties fully briefed the motion, ECF 4, 9, and the Court permitted Defendants to file a sur-reply, ECF 12. Because the motion is straightforward, the Court will not hold a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will grant in part and deny in part the motion to quash.

## BACKGROUND

The dispute between Howard University and Defendants revolves around the Charles White drawing *Centralia Madonna*. ECF 1, PgID 19–20. According to Howard University, the artwork was removed—without consent—from the University decades ago, only to turn up at a Sotheby's New York City auction in May 2020. *Id.* at 20. Defendants claimed that they have been the rightful owner of the artwork since the 1970s. *Id.* at 20–21.

Dr. Boyd is not a party to the lawsuit. Rather, he is one of twenty-five Trustees for Howard University, a medical doctor, and full-time faculty member at the University of Michigan. ECF 1, PgID 40–41. Defendants have issued two subpoenas to Dr. Boyd.

The two subpoenas direct Dr. Boyd to produce documents and to appear at a deposition in Birmingham, Michigan. *Id.* at 50–52 (document production), 60–62 (deposition). For the documents subpoena, Defendants made eleven requests. *Id.* at

2

57–58. The documents that Defendants seek generally relate to the artwork, Dr. Boyd's communications with Howard University about Defendants or the artwork, or Dr. Boyd's communications with Sotheby's about Defendants or the artwork. *Id.* But Defendants do not seek Dr. Boyd to produce any documents that other parties have produced or that are protected by the attorney-client privilege. ECF 4, PgID 129–30; ECF 12, PgID 173. For the deposition subpoena, Defendants seek four hours of testimony from Dr. Boyd by video conferencing technology. ECF 4, PgID 133; ECF 12, PgID 172–73. Defendants seek to question Dr. Boyd about a May 28, 2020 phone call with representatives of Sotheby's and an email attributing statements from Dr. Boyd to the call. ECF 1, PgID 15; ECF 4, PgID 131; ECF 9, PgID 144–45. Defendants also seek to question Dr. Boyd about a May 29, 2020 phone call with Sotheby's. ECF 12, PgID 172.

In the motion to quash the subpoenas, Dr. Boyd argued that the subpoenas were unduly burdensome. For the documents subpoena, Dr. Boyd reasoned that the document request is overbroad and that any documents he would produce would be duplicative of documents already provided to Defendants and could be obtained from a less burdensome source. ECF 1, PgID 13–14. Dr. Boyd also highlighted that the documents he would provide are protected by the attorney-client privilege. *Id.* at 43. For the deposition subpoena, Dr. Boyd agreed he would sit for a one-hour deposition that was limited to questions about the May 28, 2020 phone call with Sotheby's. ECF 9, PgID 146. But he objected to any deposition beyond the hour because the subject-matter of the deposition would be so limited. *Id.* Last, Dr. Boyd also estimated that it

3

would take him about twenty to thirty hours to search for and produce documents and to prepare for and sit at a deposition. ECF 1, PgID 40–41.

## LEGAL STANDARD

In general, the scope of discovery is broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Materials that would not admissible at trial may still be discoverable under Federal Rule of Civil Procedure 26(b) if they are "reasonably calculated to lead to the discovery of admissible evidence." *Id.* But discovery is not boundless; the Court may limit or regulate the disclosure of materials "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Under Rule 45(d)(3), "the court for the district where compliance is required must quash or modify a subpoena" for a few reasons including if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(i), (iv).

## DISCUSSION

First, the subpoenas seek documents and testimony from Dr. Boyd, a Birmingham, Michigan resident. ECF 1, PgID 39, 50, 60. As a result, Rule 45(d)(3) grants the Court jurisdiction over the subpoenas.

To determine whether the burden of a subpoena is undue, the Court must weigh "the likely relevance of the requested material . . . against the burden . . . of producing the material." *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 09-50630, 2009 WL 2351769, at *1 (E.D. Mich. July 28, 2009) (quoting *EEOC v. Ford Motor Credit Co.,* 26 F.3d 44, 47 (6th Cir. 1994)). And in balancing, the Court must

4

consider the "status as a nonparty to be a significant factor in the undue-burden analysis." *Id.*

For the documents subpoena, the requested materials are documents related to communications that Dr. Boyd made in his capacity as a Trustee for Howard University. ECF 1, PgID 57–58. The second, third, eighth, ninth, tenth, and eleventh requests all relate to communications with Howard University or that would be in the University's possession. *See id.* The fourth and fifth requests all relate to communications that would be in Sotheby's possession or would be in Howard University's possession because Dr. Boyd would have made those communications in his capacity as a Trustee. *See* ECF 1, PgID 57. In short, the documents that Defendants seek could be obtained from Howard University (a party in the present case) or Sotheby's (a party who has already provided discovery to Defendants). ECF 4, PgID 125. Because "these requests are obtainable from Plaintiff [or other parties] in a more direct, less burdensome, and more convenient fashion," the Court will quash the subpoena for those documents. *Hansen Beverage Co.*, 2009 WL 2351769, at *2.

And as to the first, sixth, and seventh requests that sought all communications and documents from Dr. Boyd about the Artwork or Defendants, the requests are overbroad. *See id.* (denying a request for document request for "[a]ll documents and things that FLOWDESIGN prepared for [Plaintiff] that refer or relate to ENERGY DRINK(S)") (internal quotations omitted). The Court will therefore quash the subpoena for those documents. In sum, the Court will quash the document subpoena

5

in full because the requests place an undue burden on Dr. Boyd, who is a nonparty to the present litigation.

For the deposition subpoena, it appears the parties agree that Dr. Boyd may testify remotely for one hour. ECF 4, PgID 123, 133 (Defendants request for four hours of a remote deposition); ECF 9, PgID 146 (Dr. Boyd's concession for a one-hour deposition to discuss the May 28, 2020 phone call with Sotheby's). Because the parties agree that Dr. Boyd should testify about the May 28, 2020 phone call with Sotheby's, the Court will deny the motion to quash the deposition subpoena. Dr. Boyd must sit for a two-hour deposition to take place by video conferencing technology. *See* Fed. R. Civ. P. 30(b)(4). A two-hour deposition is enough time for Dr. Boyd to answer questions about the May 28 and 29, 2020 phone calls with Sotheby's. *See* ECF 12, PgID 172 (explaining that information from a deponent revealed a May 29, 2020 phone call between Sotheby's and Dr. Boyd). Because Dr. Boyd has conceded the relevancy of the May 28, 2020 phone call with Sotheby's, ECF 9, PgID 146, a second phone call occurring the very next day with the same party is also relevant because it may very well relate to the call from the day before. *See* Fed R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). Because one more hour of deposition testimony— especially a remote deposition—is a small inconvenience and the testimony is relevant, there is no undue burden on Dr. Boyd, and so the Court will deny in part the motion to quash the deposition subpoena. *See Zino v. Whirlpool Corp.*, No. 5:11–cv–1676, 2012 WL 5197377, at *1–2 (N.D. Ohio Oct. 19, 2012) (citing cases) (noting

6

that prohibiting a deposition is erroneous absent extraordinary circumstances). In sum, Dr. Boyd must sit for a two-hour remote deposition within the next thirty days to answer questions about the May 28 and 29, 2020 phone calls with Sotheby's.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to **QUASH** the subpoena [1] is **GRANTED IN PART** and **DENIED IN PART**.

This is a final order that closes the miscellaneous case.

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: April 26, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 26, 2021, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager